UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN
YANG,  LONG CHEN, YA XU, YI MING MA, LU
YANG, INDIVIDUALLY AND ON BEHALF OF ALL
OTHER EMPLOYEES SIMILARLY SITUATED,

                            Plaintiffs,


                      - against -


CLEAN AIR CAR SERVICE & PARKING
CORPORATION, CLEAN AIR CAR SERVICE &
PARKING BRANCH ONE, LLC, CLEAN AIR CAR
SERVICE & PARKING BRANCH TWO, LLC, CLEAN
AIR CAR SERVICE & PARKING BRANCH 3, LLC,
CLEAN AIR CAR SERVICE & PARKING BRANCH 5,
LLC, CLEAN AIR CAR SERVICE & PARKING
BRANCH 7, LLC, CLEAN AIR CAR SERVICE AND
PARKING BRANCH 6, LLC, KEVIN WANG, John Doe
and Jane Doe # 1-10

                            Defendants.

Case No. 15-cv-04385

**PLAINTIFF'S FIRST
AMENDED COLLECTIVE &
CLASS ACTION
COMPLAINT**

        Plaintiffs SHANG SHING CHANG ("Chang"), JIE LI ("Li"), XIAOXI XIE ("Xie"),

BIN YANG ("Yang"), LONG CHEN("Chen"), YA XU("Xu"), YI MING MA("Ma"), LU

YANG on their own behalf and on behalf of all others similarly situated, by and through their

undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the

Defendants CLEAN AIR CAR SERVICE & PARKING CORP., CLEAN AIR CAR SERVICE

& PARKING BRANCH ONE, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH

TWO, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 3, LLC, CLEAN AIR CAR

SERVICE & PARKING BRANCH 5, LLC, CLEAN AIR CAR SERVICE & PARKING

BRANCH 7, LLC, CLEAN AIR CAR SERVICE AND PARKING BRANCH 6, LLC, KEVIN

WANG, John Doe and Jane Doe # 1-10   ("Does") (collectively "Defendants"), allege and show the Court the following:

**<u>INTRODUCTION</u>**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours,  (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium,  unpaid overtime pursuant to the NY

Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.       This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.       Plaintiff Shang Shing Chang ("Chang") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from October 14, 2013 to October 24, 2014.

8.       Plaintiff Jie Li ("Li") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3,

LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from April 1, 2014 to May 8, 2015.

9.    Plaintiff Xiaoxi Xie ("Xie") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from March 3, 2014 to May 1, 2015.

10.    Plaintiff Bin Yang ("Yang") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from December 1, 2013 to March 3, 2015.

11.    Plaintiff Long Chen ("Chen") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service

4

& Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from April 02, 2014 to November 27, 2015.

12.   Plaintiff Ya Xu ("Xu") is a resident of Queens and upon information and belief she was employed by Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC located 136-20 38th Avenue, Suite 10J, Flushing, New York 11354, from March 9, 2015 to July 02, 2015.

13.   Plaintiff Yi Ming Ma ("Ma") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from May 5, 2014 to November 04,2015.

14.   Plaintiff Lu Yang  ("Yang") is a resident of Queens and upon information and belief he was employed by Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 from June 22, 2014 to present.

## DEFENDANTS

15.   Upon information and belief, Defendants own and operate a business in Queens located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

16.     Upon information and belief, Defendants provide handicap/wheelchair accessible vehicles for transportation.

17.     Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

18.     Upon information and belief, Defendants had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendants purchased and handled goods moved in interstate commerce.

19.     Upon information and belief, Defendant Kevin Wang is the owner, officer, director and/or managing agent  of Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC all located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 and  participated in the  day-to-day operations  of  Corporate Defendants' business and  acted intentionally and  maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.   (See Exhibit 2).

20.     At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21.    At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

22.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

23.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

24.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

25.    Under NYLL §219.4 (the "anti-shirt changer" law), violators of Article 6 (payment of wages), Article 19 (Minimum Wage Act) and Article 19a (Minimum Wage Act for Agricultural workers) are considered the same employer provided that "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

26.    Under the anti-shirt changer law, Defendants, Clean Air Car Service and Parking Corp, Clean Air Car Service and Parking Branch One, LLC, Clean Air Car Service and Parking Branch Two, LLC, Clean Air Car Service and Parking Branch 3, LLC, Clean Air Car Service and Parking Branch 5, LLC, Clean Air Car Service and Parking Branch 7, LLC are considered the same employer, since the manager/owner was always Kevin Wang, and Plaintiffs worked in substantially the same work in substantially the same working conditions.

27.    In particular, Plaintiffs worked the same job, with the same type of work

7

schedules, used the same office, and were paid by Kevin Wang.

28.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Chang*

29.     From October 14, 2013 to October 14, 2014 Plaintiff Chang was hired by Defendants to work as a driver, and then as a driver's trainer, at Defendants car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

30.     From October 14, 2013 to December 29, 2013, Plaintiff Chang worked as a driver.  He drove senior citizens to senior centers as well as to their medical visits.  Plaintiff Chang worked from 6:30 a.m. until 5:30 p.m. or 6:00 p.m., with two days off.  Plaintiff Chang worked from fifty five (55) to fifty seven and a half (57.5) hours during this period of time.

31.     From December 30, 2013 until October 14, 2014, Plaintiff Chang worked as a driver's trainer and a driver.  As a trainer, he worked from 9:30 a.m. until 6:00 p.m.  Two or three times per week, Plaintiff Chang would have to cover for a driver who could not work on that day.  He worked from 6:30 a.m. until 6:00 p.m. in these instances.  But from February 28, 2014 he worked until 7pm for four or five times per week.  He took two days off per week during January 2014, and thereafter took only one day off per week.  Plaintiff Chang worked between fifty four (54) and sixty two and a half (62.5) hours.

32.     For the first three weeks of his employment, Plaintiff Chang was paid at the rate of $33,000 per year.  During the rest of his employment, Plaintiff Chang was paid at the rate of $40,000 per year.

*Plaintiff Li*

8

33.     From March 3, 2014 until May 8, 2015, Plaintiff Li was hired by Defendants to work as a driver for Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

34.     From March 3, 2014 until March 31, 2014, Plaintiff Li worked 5:40 a.m. until 7:00 p.m. each day. He took two days off each week and worked at least 66 (66) hours during this period of time.  He was paid $90 per day during this period of time.

35.     From April 1, 2014 until May 8, 2015, Plaintiff Li worked 5:00 a.m. or 5:30 until 2:15 p.m. each day. He took one day off each week and worked at fifty four (54) to fifty seven (57) hours during this period of time.  He was told he would be paid $9.37 per hour from April 1 2014 to May 31, 2014, and $11.00 from June 1, 2014 until May 8, 2015, but was paid for fewer hours than he actually worked.

<u>*Plaintiff Xie*</u>

36.     From March 3, 2014 until May 1, 2015, Plaintiff Xie was hired by Defendants to work as a driver and administrative assistant for Defendants' car service located at 3712 prince st., Flushing, NY 11354.

37.     From March 3, 2014 until June 10, 2014, Plaintiff Xie worked as driver from 6:00 a.m. until 7:30 p.m. each day, with two days off each week.  Two or three times per week, Plaintiff worked extended hours, from 6:00 a.m. until 9:30 p.m.  Plaintiff Xie worked from sixty five and a half (65.5) to sixty nine and a half (69.5) hours.  He was paid $110 during this period of time.

38.     From June 11 until July 5, 2014, Plaintiff Xie conducted scheduling work in Defendant's office from 9:30 a.m. until 8:30 p.m. each day, with one day off each week as well as a half-day off.  Plaintiff Xie worked approximately sixty and a half (60.5) hours.  He was told

he would be paid $9.37 per hour during this period of time, but was paid for less hours than he actually worked.

39.    From July 6, 2014 to May 1, 2015, Plaintiff Xie worked as a driver from 6:30 a.m. until 5:30 p.m. each day, with two days off each week.  Plaintiff Xie worked approximately fifty two and a half (52.5) hours.  He was told he would be paid $9.37 per hour during this period of time, but was paid for less hours than he actually worked.

*Plaintiff Yang*

40.    From December 1, 2013 until March 3, 2015, Plaintiff Yang was hired by Defendants to work as a driver for Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

41.    From December 1, 2013 to March 31, 2014, Plaintiff Yang worked as a driver from 6:30 a.m. until 5:30 p.m. each day, with two days off each week.  He worked between fifty five (55) and sixty (60) hours per day.  Plaintiff Yang was paid $90 per day.

42.    From April 1, 2014 to October 31, 2014, Plaintiff Yang worked as a driver from 6:30 a.m. until 5:30 p.m. each day, with two days off each week.  He worked between fifty five (55) and sixty (60) hours per day.  Plaintiff Yang was paid $110 per day.

43.    From November 1, 2014 to March 3, 2015, Plaintiff Yang worked as a driver from 6:30 a.m. until 7:00 p.m. each day, with two days off each week.  He worked between fifty five (55) and sixty (60) hours per day He was told he would be paid $9.37 per hour during this period of time, but was paid for less hours than he actually worked.

*Plaintiff Chen*

44.     From April 02, 2014 until November 27, 2015, Plaintiff Chen was hired by Defendants to work as a Valet for the parking lot of Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

45.     During this period, Plaintiff Chen worked five days per week. Every day Plaintiff Chen was assigned to work either the day shift or the night shift. The night shift normally runs from 11:00 p.m. to 7 a.m with no break. There are two types of day shift, first type runs from 6:00 am to 2:30 pm with no break, the second type runs from 2:30 pm to 11:00 pm with no break. Plaintiff Chen normally worked from forty-three (43) to forty-five (45) hours per week.

46.     Despite that Plaintiff Chen was never allowed to take any break during a work day, he was required by the Defendants to create fraudulent time record every day to indicate break time. He was told he would be paid $9.37 per hour during this period of time, but was paid for less hours than he actually worked.

*Plaintiff Xu*

47.     From March 09, 2015 to July 02, 2015, Plaintiff Xu was hired by Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

48.     Plaintiff Xu worked on three different positions throughout the course of her employment with the Defendants. She worked as an inspector from March 09, 2015 to mid-April, 2015, as a dispatcher from the rest of April to early June of 2015, and then finally as a driver till July 02, 2015. Her work schedule ran from 9:00 a.m. to 4:00 pm when she worked as an inspector, she thus worked at least six (6) hours per day as an inspector.  She worked from 8:00 am to 6:00 pm when she worked as a dispatcher and therefor ten (10) hours per day. When she worked as a driver, her work day normally ran from 6:00 a.m. to 5:30 p.m. and sometimes until 6:00 p.m., she thus worked at least eleven and a half (11.50) hours per day as a driver.

*49.*     Plaintiff Xu worked three days (Monday, Saturday and Sunday) a week from March 09, 2015 to April 12, 2015. She worked as an inspector during this period and she worked eighteen (18) hours each week.

*50.*     Plaintiff Xu worked six days a week (Defendants would decide which day she would take off for the week) from April 13, 2015 to June 6, 2015 as a dispatcher. She normally would work five full day for ten (10) hours per day. In addition, she sometimes would work another full day or just three hours on another day. In sum, Plaintiff Xu worked at least fifty-three (53) hours per week during this period.

*51.*     From June 7, 2015 to July 02, 2015, Plaintiff Xu worked as a driver for five days per week with Sunday and Saturday off. She worked at least fifty-seven and a half (57.50) hours per week.

52.     Plaintiff Xu was paid at an hourly rate of $9.37 from March 09, 2015 to the end of April and that was raised to $ 11 until the end of June 2015 upon which Defendant changed Plaintiff Xu's hourly rate back to $9.37. Regardless of her hourly rate, however, Plaintiff Xu was not compensated for all the hours she actually worked.

53.     Despite that Plaintiff Xu did not have any break during a work day, she was required by the Defendants to record a half hour break for her time record so it would appears in compliant.

### *Plaintiff Ma*

54.     From May 05, 2014 to November 04, 2015, Plaintiff Ma was hired by Defendants to work as a Valet for the parking lot of Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

55.     During this period, Plaintiff Ma worked five days per week with Friday and Saturday off. Every day Plaintiff Ma was assigned to work one of the following four shifts: from 5:30 am to 7:30 pm; from 10:30 am to 8:00 pm; from 11:00 pm to 7:30 am; from 2:30 to 11:00 pm. Plaintiff Ma normally worked about forty-six (46) hours per week.

56.     Despite that Plaintiff Ma was paid at $9.37 per hour during his employment with the Defendants, he was not compensated for all the hours he worked.

57.     During periods of time in Plaintiffs' employment, they were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner). During the periods of time that Plaintiffs' hours were recorded, they were recorded incorrectly.  Defendants often recorded and paid Plaintiffs for less hours than they actually worked.  Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws.

*Plaintiff Yang*

58.     From on or about June 22, 2014 to present, Plaintiff Ma was hired by Defendants to work as a driver for Defendants' car service located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354.

59.     From on or about June 22, 2014 to April 2015, Plaintiff Zhang worked five days per week with Wednesday and Friday off. His daily work schedule was not fixed but varied with his daily assignments that Defendants email him. Plaintiff normally worked twelve (12) hours per day and around sixty (60) hours per week during this period.

60.     From on or about May 2015 to present, Plaintiff Zhang works five days per week with Saturday and Sunday off. His daily work schedule is the same from Monday through Wednesday, as well as on Friday, each day he would work from 6:30 a.m. to 5:30 p.m. for eleven

(11) hours. On Thursday, Plaintiff Yang would work from 6:30 a.m. to 4:30 a.m. for ten (10) hours per day. Plaintiff thus worked fifty-four (54) hours per week in this period.

61.     During all the relevant period Plaintiff did not have any break in a work day, however, he was requested by the Defendants to falsely record a daily half-hour break time so that his time record would seems to be in compliance with the law.

62.     Plaintiff Yang was compensated at a hourly rate of $9.37 from June 22, 2014 to November 26, 2015 and that was raised to $10.72 until the end of 2015. Plaintiff is compensated at a rate of $10.00 since January 2016.

63.     During periods of time in Plaintiffs' employment, they were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner). During the periods of time that Plaintiffs' hours were recorded, they were recorded incorrectly.  Defendants often recorded and paid Plaintiffs for less hours than they actually worked.  Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws.

64.     Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

65.     Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

66.     The applicable minimum wage for the period of October 14, 2013 through December 30, 2013 was $7.25 per hour.

67.     The applicable minimum wage for the period of December 31, 2013 to December 31, 2014 is $8.00 per hour.

68.    The applicable minimum wage for the period of December 31, 2015 to the present is $8.75 per hour.

69.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

70.    Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

71.    While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

72.    Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

73.    Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

74.    Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

75.    Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

76.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

77.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

78.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

79.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their car service business for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

80.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to

attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

81.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

82.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

83.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

84.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

85.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

86.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **CLASS ACTION ALLEGATIONS**

87.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their car service business, doing business as Clean Air Car Service & Parking on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

88.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

89.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the class.

90.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including  but  not limited  to  their  failure  to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

91.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has  no  interests  antagonistic  to  the  Class.   Plaintiffs  are  represented  by  attorneys  who  are

experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

92.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

93.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

94.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiffs and Class members the New York minimum wage for all hours worked;

c. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

g. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

95.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

96.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

97.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

98.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

99.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

100.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

101.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

102.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced  by  failing  to  compensate  Plaintiffs  and  Collective  Class  Members  at  the

statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiffs and Rule 23 Class]

103.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

105.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

106.    Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

107.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

108.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

109.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

110.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

111.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

112.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

113.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

114.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

115.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

117.    Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

118.    Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

119.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

120.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

121.    Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

91.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL and supporting regulations require employers to provide written notice

of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed  paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New

York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

99.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
**[Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]**

100.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

102.    Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

103.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3).

## **Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)       Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Clean Air Car Service & Parking, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and minimum wages due Plaintiffs and the Collective

Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

n)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)    The cost and disbursements of this action;

p)    An award of prejudgment and post-judgment fees;

q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York January 8, 2016          HANG & ASSOCIATES, PLLC.

_/S  JIAN HANG, ESQ_____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

.CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Clean Air Car Service And Parking
Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid
wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named
plaintiff in this case.

Long    chen
Full Legal Name (Print)

Signature

12/10/15
Date

.CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Clean Air Car Service And Parking
Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid
wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named
plaintiff in this case.

Ma Min Yi
Full Legal Name (Print)

Me Min Yi
Signature

11/25/2015
Date

33

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Clean Air Car Service And Parking Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

CHANG, SHANG-SHING
Full Legal Name (Print)

Signature

7/15/2015
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Clean Air Car Service And Parking Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

JIE LI
Full Legal Name (Print)

Signature

7/16/2015
Date

## CONSENT TO SUE UNDER
### FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Clean Air Car Service And Parking Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_____
Full Legal Name (Print)

_____
Signature

_10/22/2015_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Clean Air Car Service And Parking Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

XIAOXI XIE

Full Legal Name (Print)

Signature

07/23/15

Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Clean Air Car Service And Parking Branch 3, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YANG BIN
_____
Full Legal Name (Print)

_____
Signature

7/16/2015
_____
Date

38

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Clean Air Car Service and Parking Branch 3, LLC, Kevin Wang and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Lu Yang*
Full Legal Name (Print)

*Luyang*
Signature

*01/07/2016*
Date

39

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:    KEVIN WANG

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN YANG, LONG CHEN, YA XU, YI MING MA, LU YANG and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Clean Air Car Service and Parking Corporation located at 41-60 Main Street Suite. 308, Flushing, New York 11355, and Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC located at 136-20 38th Avenue, Suite 10J, Flushing, New York 11354 for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 8, 2016

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:    Clean Air Car Service and Parking Corporation
41-60 Main Street Suite. 308, Flushing, New York 11355; and

Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch Two, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service And Parking Branch 6, LLC.
136-20 38th Avenue, Suite 10J
Flushing, New York 11354

PLEASE TAKE NOTICE, that SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN YANG, LONG CHEN, YA XU, YI MING MA, LU YANG and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: January 8, 2016