**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SHANG SHING CHANG, JIE LI, XIAOXI XIE,
BIN YANG, LONG CHEN, YA XU, YI MING MA,
LU YANG, INDIVIDUALLY AND ON BEHALF
OF ALL OTHER EMPLOYEES SIMILARLY
SITUATED,

                              Plaintiffs,

      -against-

CLEAN AIR CAR SERVICE & PARKING
CORPORATION, CLEAN AIR CAR SERVICE &
PARKING BRANCH ONE, LLC, CLEAN AIR
CAR SERVICE & PARKING BRANCH TWO,
LLC, CLEAN AIR CAR SERVICE & PARKING
BRANCH 3, LLC, CLEAN AIR CAR SERVICE
& PARKING BRANCH 5, LLC, CLEAN AIR
CAR SERVICE & PARKING BRANCH 7, LLC,
CLEAN AIR CAR SERVICE & PARKING
BRANCH 6, LLC, KEVIN WANG, John Doe and
Jane Doe # 1-10,

                           Defendants.
-----------------------------------------------------------------X

**DEFENDANTS'**
**AMENDED ANSWER**
**WITH AFFIRMATIVE**
**DEFENSES AND**
**COUNTERCLAIMS**

15-CV-4385 (FB)(MDG)

Defendants CLEAN AIR CAR SERVICE & PARKING CORPORATION, CLEAN AIR

CAR SERVICE & PARKING BRANCH ONE, LLC, CLEAN AIR CAR SERVICE & PARKING

BRANCH TWO, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 3, LLC, CLEAN

AIR CAR SERVICE & PARKING BRANCH 5, LLC, CLEAN AIR CAR SERVICE &

PARKING BRANCH 7, LLC, CLEAN AIR CAR SERVICE AND PARKING BRANCH 6, LLC,

KEVIN WANG, John Doe and Jane Doe #1-10, on their own behalf, by and through their

undersigned attorneys, the Law Office of Siegel Wang & Associates, LLP, hereby file this

Amended Answer against the Plaintiffs SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN

YANG LONG CHEN, YA XU, YI MING MA and LU YANG (collectively "Plaintiffs"), and

answer to the Court as follows:

1

## INTRODUCTION

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint.

2. Deny the allegations of paragraph 2 of the Amended Complaint.

3. Deny the allegations of paragraph 3 of the Amended Complaint.

4. Deny the allegations of paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. Defendants neither admit nor deny the allegations of paragraph 5 insofar as they call for conclusions of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

6. Defendants neither admit nor deny the allegations of paragraph 6 insofar as they call for conclusions of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

## PLAINTIFFS

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Chang's residency, and deny the allegations of paragraph 7 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Li's residency, and deny the allegations of paragraph 8 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Xie's residency, and deny the allegations of paragraph 9 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Bin Yang's[1] residency, and deny the allegations of paragraph 10 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Chen's residency, and deny the allegations of paragraph 11 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Xu's residency, and deny the allegations of paragraph 12 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Ma's residency, and deny the allegations of paragraph 13 of the Amended Complaint, except to the extent that said plaintiff was an employee of CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Lu Yang's residency, and deny the allegations of paragraph 14 of the Amended Complaint, except to the extent that said plaintiff has been an employee of CLEAN AIR CAR SERVICE & PARKING BRANCHES 5, 6 and One, LLC.

## DEFENDANTS

15. Deny the allegations of paragraph 15 of the Amended Complaint.

16. Admits the allegations of paragraph 16 of the Amended Complaint.

17. Defendants neither admit nor deny the allegations of paragraph 17 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

---

[1] The Amended Complaint confusingly refers to Plaintiff "Yang" despite the existence of two plaintiffs named and identified as "Yang". For clarity, Defendants shall refer to "Plaintiff Bin Yang" and "Plaintiff Lu Yang".

18. Defendants neither admit nor deny the allegations of paragraph 18 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

19. Deny the allegations of paragraph 19 of the Complaint.[2]

20. Defendants neither admit nor deny the allegations of paragraph 20 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

21. Deny the allegations of paragraph 21 of the Amended Complaint.

22. Deny the allegations of paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint.

## STATEMENT OF FACTS

24. Deny the allegations of paragraph 24 of the Amended Complaint.

25. Defendants neither admit nor deny the allegations of paragraph 25 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

26. Deny the allegations of paragraph 26 of the Amended Complaint.

27. Deny the allegations of paragraph 27 of the Amended Complaint.

28. Deny the allegations of paragraph 28 of the Amended Complaint.

29. Deny the allegations of paragraph 29 of the Amended Complaint.

30. Deny the allegations of paragraph 30 of the Amended Complaint.

31. Deny the allegations of paragraph 31 of the Amended Complaint.

32. Deny the allegations of paragraph 32 of the Amended Complaint.

33. Deny the allegations of paragraph 33 of the Amended Complaint.

34. Deny the allegations of paragraph 34 of the Amended Complaint.

35. Deny the allegations of paragraph 35 of the Amended Complaint.

36. Deny the allegations of paragraph 36 of the Amended Complaint.

37. Deny the allegations of paragraph 37 of the Amended Complaint.

---

[2] Defendants further object to this allegation as it refers to an "Exhibit 2". There is no prior reference to an "Exhibit 1" in the Amended Complaint, nor were Exhibits served or filed with the Amended Complaint.

38. Deny the allegations of paragraph 38 of the Amended Complaint.

39. Deny the allegations of paragraph 39 of the Amended Complaint.

40. Deny the allegations of paragraph 40 of the Amended Complaint.

41. Deny the allegations of paragraph 41 of the Amended Complaint.

42. Deny the allegations of paragraph 42 of the Amended Complaint.

43. Deny the allegations of paragraph 43 of the Amended Complaint.

44. Deny the allegations of paragraph 44 of the Amended Complaint.

45. Deny the allegations of paragraph 45 of the Amended Complaint.

46. Deny the allegations of paragraph 46 of the Amended Complaint.

47. Deny the allegations of paragraph 47 of the Amended Complaint.

48. Deny the allegations of paragraph 48 of the Amended Complaint.

49. Deny the allegations of paragraph 49 of the Amended Complaint.

50. Deny the allegations of paragraph 50 of the Amended Complaint.

51. Deny the allegations of paragraph 51 of the Amended Complaint.

52. Deny the allegations of paragraph 52 of the Amended Complaint.

53. Deny the allegations of paragraph 53 of the Amended Complaint.

54. Deny the allegations of paragraph 54 of the Amended Complaint.

55. Deny the allegations of paragraph 55 of the Amended Complaint.

56. Deny the allegations of paragraph 56 of the Amended Complaint.

57. Deny the allegations of paragraph 57 of the Amended Complaint.

58. Deny the allegations of paragraph 58 of the Amended Complaint.[3]

59. Deny the allegations of paragraph 59 of the Amended Complaint.[4]

60. Deny the allegations of paragraph 60 of the Amended Complaint.[5]

61. Deny the allegations of paragraph 61 of the Amended Complaint.

62. Deny the allegations of paragraph 62 of the Amended Complaint.

63. Deny the allegations of paragraph 63 of the Amended Complaint.

64. Deny the allegations of paragraph 64 of the Amended Complaint.

---

[3] Defendants object to this allegation as it refers to "Plaintiff Ma" rather than "Plaintiff Yang" as indicated by the section heading immediately preceding para. 58.
[4] Defendants object to this allegation as it refers to "Plaintiff Zhang" rather than "Plaintiff Yang" as indicated by the section heading immediately preceding para. 58.
[5] Defendants object to this allegation as it refers to "Plaintiff Zhang" rather than "Plaintiff Yang" as indicated by the section heading immediately preceding para. 58.

65. Deny the allegations of paragraph 65 of the Amended Complaint.

66. Admit the allegations of paragraph 66 of the Amended Complaint.

67. Admit the allegations of paragraph 67 of the Amended Complaint.

68. Admit the allegations of paragraph 68 of the Amended Complaint.

69. Deny the allegations of paragraph 69 of the Amended Complaint.

70. Deny the allegations of paragraph 70 of the Amended Complaint.

71. Deny the allegations of paragraph 71 of the Amended Complaint.

72. Deny the allegations of paragraph 72 of the Amended Complaint.

73. Deny the allegations of paragraph 73 of the Amended Complaint.

74. Deny the allegations of paragraph 74 of the Amended Complaint.

75. Deny the allegations of paragraph 75 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

76. Deny the allegations of paragraph 76 of the Amended Complaint.

77. Deny the allegations of paragraph 77 of the Amended Complaint.

78. Deny the allegations of paragraph 78 of the Amended Complaint.

79. Deny the allegations of paragraph 79 of the Amended Complaint.

80. Deny the allegations of paragraph 80 of the Amended Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint.

82. Deny the allegations of paragraph 82 of the Amended Complaint.

83. Deny the allegations of paragraph 83 of the Amended Complaint.

84. Deny the allegations of paragraph 84 of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint.

86. Deny the allegations of paragraph 86 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

87. Deny the allegations of paragraph 87 of the Amended Complaint.

88. Deny the allegations of paragraph 88 of the Amended Complaint.

89. Deny the allegations of paragraph 89 of the Amended Complaint.

90. Deny the allegations of paragraph 90 of the Amended Complaint.

91. Deny the allegations of paragraph 91 of the Amended Complaint.

92. Deny the allegations of paragraph 92 of the Amended Complaint.

93. Deny the allegations of paragraph 93 of the Amended Complaint.

94. Deny the allegations of paragraph 94 of the Amended Complaint.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage brought on behalf of the Plaintiffs and the FLSA Collective]**

95. Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

96. Defendants neither admit nor deny the allegations of paragraph 96 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

97. Defendants neither admit nor deny the allegations of paragraph 97 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations except to the extent that the Defendants have "employed employees".

98. Defendants neither admit nor deny the allegations of paragraph 98 of the Amended Complaint, insofar as Plaintiffs fail to identify whether it is alleged each Defendant has "had gross revenues in excess of $500,000" or whether same is alleged against the Defendants collectively.

99. Defendants neither admit nor deny the allegations of paragraph 99 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations except to the extent that Defendants are aware of laws governing minimum wages.

100. Deny the allegations of paragraph 100 of the Amended Complaint.

101. Defendants neither admit nor deny the allegations of paragraph 101 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

102. Deny the allegations of paragraph 102 of the Amended Complaint.

## COUNT II
### [Violations of New York Labor Law – Minimum Wage Brought on Behalf of Plaintiffs and Rule 23 Class]

103. Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

104. Defendants neither admit nor deny the allegations of paragraph 104 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

105. Defendants neither admit nor deny the allegations of paragraph 105 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

106. Deny the allegations of paragraph 106 of the Amended Complaint.


## COUNT III
### [Violations of the Fair Labor Standards Act– Overtime Wage Brought on Behalf of the Plaintiffs and the FLSA Collective]

107. Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

108. Defendants neither admit nor deny the allegations of paragraph 108 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

109. Defendants neither admit nor deny the allegations of paragraph 109 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

110. Deny the allegations of paragraph 110 of the Amended Complaint.

111. Deny the allegations of paragraph 111 of the Amended Complaint.

112. Defendants neither admit nor deny the allegations of paragraph 112 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations. Further, Defendants object to this allegation as phrased inasmuch as it does not make sense.

113.    Deny the allegations of paragraph 113 of the Amended Complaint.

114.    Deny the allegations of paragraph 114 of the Amended Complaint.

## COUNT IV
### [Violations of New York Labor Law – Overtime Pay Brought on Behalf of Plaintiffs and the Rule 23 Class]

115.    Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.    Defendants neither admit nor deny the allegations of paragraph 116 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

117.    Deny the allegations of paragraph 117 of the Amended Complaint.

118.    Deny the allegations of paragraph 118 of the Amended Complaint.

## COUNT V
### [Violations of New York Labor Law – Spread of Time Pay Brought on Behalf of Plaintiffs and the Rule 23 Class]

119.    Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

120.    Defendants neither admit nor deny the allegations of paragraph 120 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

121.    Deny the allegations of paragraph 121 of the Complaint.

## COUNT VI
### [Violations of New York Labor Law –Time of Hire Wage Notice Requirement]

91.    Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.[6]

---

[6] As was the case with the original Complaint in this action, Plaintiffs' "First Amended Collective & Class Action Complaint" inexplicably begins Count VI by repeating paragraphs numbers 91 through 98, and continues this numerical progression through the end of the pleading.

92. Defendants neither admit nor deny the allegations of paragraph 92 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

93. Deny the allegations of paragraph 93 of the Amended Complaint.

94. Deny the allegations of paragraph 94 of the Amended Complaint.

95. Deny the allegations of paragraph 95 of the Amended Complaint.


## COUNT VII
### [Violations of New York Labor Law –New York Pay Stub Requirement]

96. Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

97. Defendants neither admit nor deny the allegations of paragraph 97 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

98. Deny the allegations of paragraph 98 of the Amended Complaint.

99. Deny the allegations of paragraph 99 of the Amended Complaint.


## COUNT VIII
### [Civil Damages for Deceptive Acts and Practices – Violations of New York General Business Law § 349 Brought on Behalf of the Plaintiff]

100. Defendants reassert and incorporate by reference all preceding paragraphs as though fully set forth herein.

101. Defendants neither admit nor deny the allegations of paragraph 101 insofar as they call for a conclusion of law as to which no response is required, and to the extent they are deemed to include allegations that require a response, deny the allegations.

102. Deny the allegations of paragraph 102 of the Amended Complaint.

103. Deny the allegations of paragraph 103 of the Amended Complaint to the extent that same may even be deemed to set forth allegations.

## PRAYER FOR RELIEF

104. Denies that plaintiff is entitled to any of the relief set forth on pages 27 through 30 of the Amended Complaint or any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to some or all of the relief sought in the Amended Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and New York Labor Law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and New York Labor Law. Specifically, Defendants' pay records for the individual Plaintiffs reflect excess payments rather than deficits.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA or New York Labor Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e. "hours worked" under the FLSA. Specifically, Plaintiffs were paid for time during which they were not working and which was otherwise not compensable during their work days.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants are entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants for periods in which Plaintiffs were not engaged to work.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may seek punitive damages, Plaintiffs' recovery is limited by applicable provisions of the FLSA, New York Labor Law and the New York and/or United States Constitutions. Any award of punitive damages to Plaintiffs in this case would be in violation of the FLSA, New York Labor Law and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of New York.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because they seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek damages not recoverable under the FLSA, Plaintiffs are barred from such recovery.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches. Specifically, Plaintiffs were repeatedly notified that any discrepancy in, or complaint about, payroll matters were to be brought to the Defendants' attention immediately to be reviewed, addressed and remedied, if necessary. Each of the named Plaintiffs, upon commencement of their employment, executed a "Driver Employment Agreement" in which they were instructed that "Drivers who wish to dispute the calculation of hours worked must do so within one week of payment, in person and in writing." None of the Plaintiffs addressed any queries regarding shortages in their pay during their employment with the Defendants.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA. This includes records created by the individual Plaintiffs for payroll purposes, which records directly refute Plaintiffs' claims hereunder.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are estopped by the submission of their own time records, pursuant to which Defendants compensated them for all overtime worked and claimed.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record. Specifically, time records created and signed by the individual Plaintiffs for payroll purposes clearly reflect internal irregularity and clearly refute the start and end times alleged by Plaintiffs in the underlying Amended Complaint. Said records also fail to take into account multiple hour stretches of inactivity within individual work days for which said Plaintiffs should not have been paid, but for their fraudulent record-keeping.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect substantial variability. Specifically, purported class members include livery drivers, garage attendants, supervisors and schedulers with entirely distinct job duties and pay structures. By example, Plaintiff Chang received an annual salary as a supervisor rather than hourly wages when he was promoted to supervisor from daily driving duties. His new position was a supervisory position in which he evaluated driver performance. Such is an example of the impermissibly wide variance of employment terms the Plaintiffs seek to subject to collective action.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release. Specifically, Plaintiffs have previously been paid for all time claimed in the Amended Complaint.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust administrative remedies. Specifically, Plaintiffs were repeatedly notified in writing that they were to report any discrepancies or complaints about their pay immediately so that same could be reviewed and, if necessary, corrected. Each of the named Plaintiffs, upon commencement of their employment, executed a "Driver Employment Agreement" in which they were instructed that "Drivers who wish to dispute the calculation of hours worked must do so within one week of payment, in person and in writing."

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Departments of Labor of the United States and State of New York. Specifically this is reflected in the payroll records for the individual Plaintiffs, as well as on the forms on which Plaintiffs recorded their own worked time.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to Plaintiffs were supported by legitimate business reasons.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have all significantly and knowingly misstated their hours worked and wages owed and received. Most significantly, Plaintiff Li wildly exaggerates his hours worked at paragraph 30 of the Complaint as 5:40 am through 7:00 pm for a period of just under one month between March 3, 2014 and March 31, 2014. In actuality, as evidenced by Li's own time records, he almost never started his work day before 6:30 (starting between 7:00am and 7:30 am many of those days) and generally ended his days between 5:30 pm and 6:00 pm. During that same time period, Li was paid $330 (14 hour week), $570, $550 and $550 per week – all substantially higher than the $90 per day alleged at paragraph 30 of the Amended Complaint. Significantly, Plaintiffs' allegations at paragraph 31 make similar misstatements of fact with regards to Li's hours and pay, and notably do not set forth violations of either minimum wage or spread of hours laws. In these knowing untruths, Li's allegations are perjurious and particularly egregious. Further stretching credibility is Li's claims as to hours and wages when it is clear he cannot even recall within a one month span what his hours and when he started work.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

At or about the time of commencement of the instant suit, Plaintiffs Chang and Xie (at separate times) preemptively communicated with Defendant Kevin Wang (President of all corporate Defendants) and admitted that they do not believe that they have any basis for the instant lawsuit and the claims and allegations set forth therein, and thus implicitly, that this litigation is frivolous on its face.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs Long Chen, Ya Xu and Yi Ming Ma were, at all relevant times, garage attendants who were subject to pay structure and time-keeping protocols that were entirely distinct from those used for Plaintiffs Chang, Li, Xie and Bin Yang (who were drivers). In addition, the nature of their

work was similarly distinct from that of the drivers. As such, Plaintiffs have already demonstrated that the collective and class that they seek to form is not joined by the requisite common questions of law and fact to permit the Court to effectively or even accurately make determinations in either a collective or class action.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Yi Ming Ma may not maintain the instant action against Defendants as Plaintiff Ma has previously settled any claim for underpayment with Defendants prior to joining this lawsuit and has released Defendants from liability for same. (See Defendants' Exhibit "A")

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Non-caption Plaintiff Duke Lee may not maintain the instant action against Defendants as Plaintiff Lee was at all relevant times an exempt, manager-level supervisor with authority to hire and advise as to termination of employees under his supervision.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### COUNTERCLAIMS

### AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM - FRAUD

1.    That the individual named Plaintiffs hereunder were, at all times, compensated in excess of what is required under the statutes invoked by said Plaintiffs in their Amended Complaint - namely, Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law.

2.    That in addition to receiving all monies due and owing to them in compensation for work performed, these Plaintiffs did receive monies not due and owing, based upon fraudulent time-keeping practices by which the Plaintiffs knowingly claimed credit for time not worked.

3.    That such time claimed by Plaintiffs included extended periods of time during which Plaintiffs were on breaks from work and not otherwise entitled to regular hourly pay.

Specifically, time records created by the Plaintiffs for payroll purposes reflect otherwise unaccounted periods of two and three hours of inactivity, for which Plaintiffs did deliberately and knowingly fail to record as unpaid break time.

4.     That for these breaks from work, which include meal breaks which Plaintiffs were instructed in writing were mandatory, Plaintiffs repeatedly and deliberately failed to record such breaks and represented to the Defendants that they had worked during these periods.

5.     That Defendants, in good faith reliance upon Plaintiffs' fraudulent record-keeping practices, did remit to Plaintiffs otherwise appropriate regular hourly and overtime wages for such time.

6.     That, by way of example, Plaintiffs Li, Chen and Ma have all fraudulently reported wildly exaggerated work hours in the garage that have since been refuted by co-workers.

7.     That Plaintiff Xu Ya had fraudulently reported that she worked three days as an inspector in the garage, when it has been confirmed that she had worked only one day. In addition, Defendants also overpaid Plaintiff Ya by paying her the driver's bonus that she was not entitled to as she was a dispatcher.

8.     That Plaintiff Yang Bin had previously been written up for using the Defendants' vehicle during work hours to take his family members and other individuals to the airport without notice or permission from the Defendants, and without noting same on his time sheets.

9.     That Xiaoxi Xie was actually paid at all relevant times $12 per hour rather than the $9.37 that Xie alleges he was paid in the Amended Complaint.

10.     That each Plaintiff did receive significant sums of money from Defendants in excess of what is required under the statutes invoked by said Plaintiffs, as the direct result of the fraud perpetrated upon Defendants by the individual named Plaintiffs.

11.     That Plaintiffs are liable to the Defendants for all monies received as the direct result of the fraud perpetrated upon Defendants.

12.     That Plaintiffs are further liable to the Defendants for compensatory and punitive damages, as well as attorney's fees and the costs of litigation necessitated by Plaintiffs' conduct.

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM - UNJUST ENRICHMENT FROM OVERPAID COMPENSATION

1.      The individual named Plaintiffs hereunder were, at all times, compensated in excess of what is required under the statutes invoked by said Plaintiffs in their Amended Complaint - namely, Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law.

2.      That the individual Plaintiffs received their regular hourly and overtime rates for all hours during which they were required to be available for work - not only for those hours in which they actually performed work, due to their knowing failure to record such break time accurately.

3.      That Plaintiffs, as part of the underlying complaint, now claim monies for "spread of hours" pay despite having accepted these monies and kept same without reporting the overage to their employers.

4.      That in the course of gathering and maintaining documents responsive to the allegations asserted by Plaintiffs in their complaint, Defendants have uncovered these excess payments and shall quantify the amounts paid to Plaintiffs beyond their hours actually worked.

5.      That Plaintiffs have been unjustly enriched by accepting monies well in excess of the "spread of hours" requirement. This excess includes payment for time otherwise spent on meal breaks, as was required by the Defendants in writing on Plaintiffs' own time sheets.

6.      That said overpayments to Plaintiffs were not gratuitous in nature, but rather Defendants' good faith effort to comply with all relevant wage and hours requirements, notwithstanding Plaintiffs' knowing failure to record time during which they were not working and for which they were not owed wages.

7.      That Plaintiffs are now liable to Defendants for return of all monies remitted by Defendants in excess of the appropriate "spread of hours" calculations.

8.      That Plaintiffs are further liable to the Defendants for compensatory and punitive damages, as well as attorney's fees and the costs of litigation necessitated by Plaintiffs' conduct.

## AS AND FOR DEFENDANTS' THIRD COUNTERCLAIM - COSTS AND ATTORNEYS' FEES FOR BAD FAITH, VEXATIOUS LITIGATION

1.      Defendants incorporate all of the matters admitted and alleged above.

2.      That the individual Plaintiffs have knowingly brought this action without any basis in fact or law, and without any evidence to support their claims.

3.     That Plaintiffs have effectively admitted in their Initial Disclosures pursuant to FRCP 26(a)(1) to having no evidence apart from "corporate information from public documents" to support their various allegations and claims.

4.     That in addition to commencing the instant suit without any evidence to support Plaintiffs' claims, the Amended Complaint itself reflects the randomness of the allegations made therein. At paragraphs 58, 59 and 60 of the Amended Complaint, Plaintiffs refer to allegations regarding Plaintiff Ma and an unknown individual named "Zhang" rather than to Plaintiff Lu Yang, as is indicated by the section heading.

5.     That in addition, the original Complaint had referred to an individual who is neither named in the caption nor known to the Defendants. It is believed that the individual referred to in paragraph 10 of the original Complaint is simply a plaintiff from another action prosecuted by Plaintiffs' counsel whose name was not removed when counsel "cut and pasted" information to and from the original Complaint. Only when having it called to their attention in Defendants' Answer to the original Complaint did Plaintiffs seek leave to file an Amended Complaint.

6.     That Plaintiff Lu Yang has been added as a plaintiff to this action despite having acknowledged in writing that he has no claims against the Defendants regarding wages and/or hours.

7.     That Plaintiff Ming Yi Ma has been added as a plaintiff to this action despite having previously settled any claims relating to wages and/or hours and having executed a written release of such claims against the Defendants.

8.     That Plaintiffs' counsel has sought to add non-captioned Plaintiff Duke Lee to this action (Exhibit "B") despite the fact that Plaintiff Lee was at all relevant times an exempt, management-level supervisor with an annual salary well in excess of any possible wage and hour claim brought by the Plaintiffs hereunder.

9.     That, notably, the individual named Plaintiffs uniformly misidentify their branch employers in the Amended Complaint, Consents to Sue and in their Declarations previously submitted in support of Plaintiffs' motion for conditional collective certification. This is further proof of Plaintiffs' recklessness in preparing and submitting the Amended Complaint—that they could not even be bothered to look at their own pay statements to determine who they work(ed) for.

10.    That Plaintiffs, in moving the Court for conditional collective certification, submitted sworn statements which have been explicitly refuted by individuals to whom statements in support of said motion were attributed—thus constituting perjury.

11.    That despite alleging that Defendants failed to maintain wage and hour records for the Plaintiffs, Plaintiffs have received thousands of pages of such records from Defendants.

12.    That Plaintiffs' counsel's unmistakable want of care in commencing this suit is reflective of the absence of merit thereof, while causing Defendants to commit significant time, effort and expense to defending same.

13.    That pursuant to Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir.1986), Defendants are entitled to reasonable attorney's fees to the extent the underlying action is brought in bad faith, vexatiously, wantonly, or for oppressive reasons, and Defendants are the prevailing party on such claims and grounds asserted by Plaintiff without an objectively reasonable basis.

## AS AND FOR DEFENDANTS' FOURTH COUNTERCLAIM – ABUSE OF PROCESS AND MALICIOUS PROSECUTION

1.    Defendants incorporate all of the matters admitted and alleged above.

2.    That the individual Plaintiffs have knowingly brought this action without any basis in fact or law, and without any evidence to support their claims, for the purposes of revenge for their respective discharges for cause by Defendants and to obtain money from the Defendants for same.

3.    That for the reasons and upon the facts asserted above in Defendants' Third Counterclaim, Defendants request an award of damages as against the Plaintiffs for abuse of process and malicious prosecution, inasmuch Plaintiffs have tortiously used the "legal process to attain some collateral objective". Avigliano v. Sumitomo Shoji America, Inc., 473 F.Supp. 506, 515 (SDNY 1979)[reversed on other grounds].

## AS AND FOR DEFENDANTS' FIFTH COUNTERCLAIM – DEFAMATION

1.    Defendants incorporate all of the matters admitted and alleged above.

2.    That the individual Plaintiffs have knowingly brought this action without any basis in fact or law, and without any evidence to support their claims, and maliciously filed this action

for the purpose of extorting monies from their former employer and, in the process, defaming and damaging the Defendants' business and reputation.

3.        That for the reasons, and upon the facts, asserted above in Defendants' Third Counterclaim, Defendants request an award of damages as against the Plaintiffs for Defamation and Slander, inasmuch as the Plaintiffs set forth a false statement; published to a third party without privilege or authorization; with fault amounting to at least negligence; that caused special harm or defamation per se. See <u>Dillon v. City of New York</u>, 261 A.D.2d 34, 38 (1st Dept. 1999).

## AS AND FOR DEFENDANTS' SIXTH COUNTERCLAIM - COSTS AND FEES FOR BREACH OF SETTLEMENT AGREEMENT AND UNJUST ENRICHMENT AGAINST PLAINTIFF MA

1.        Prior to joining the instant lawsuit as a Plaintiff, on November 4, 2015 Plaintiff Ma entered into an agreement with the Defendants to settle any claim for outstanding wages and to release Defendants from any further claims for underpaid wages.

2.        As consideration for said settlement and release, Defendants paid Plaintiff Ma the sum of $800.00 which Plaintiff Ma accepted. (Exhibit "A")

3.        Despite entering into this binding settlement agreement, Plaintiff Ma joined the instant lawsuit with the filing of Plaintiffs' Amended Complaint on January 9, 2016.

4.        In further reviewing Plaintiff Ma's wage and hour records, Defendants have found that Plaintiff Ma was not entitled to the sum paid as there were, in fact, no underpaid wages. The prior determination had been in error.

5.        Defendants, after investigation, had caught Ma fraudulently tampering with his time records by punching "in" at times when he was observed to not be working by co-workers, including instances where he was actually observed to be sleeping inside customers' cars while on night shifts. This was discovered when customers returning for their cars could not find either Plaintiff Ma as the on-duty parking attendant, and contacted management.

6.        Defendants now seek damages for Plaintiff Ma's clear and knowing breach of settlement.

7.        Defendants also seek disgorgement of the settlement monies paid erroneously to Plaintiff Ma as he is otherwise unjustly enriched.

## AS AND FOR DEFENDANTS' SEVENTH COUNTERCLAIM – RECOVERY OF MONIES STOLEN BY PLAINTIFF LONG CHEN

1.      That on November 22, 2015, Plaintiff Long Chen, while employed by Defendants as a garage attendant at Defendants' garage facility at 37-20 Prince Street, Flushing, NY, Plaintiff Chen received money from a parking customer. At that time, Plaintiff Chen took the parking fee – property of Defendants – and placed same in the garage workers' tip box rather than in the Defendants' cash register as he was required to do.

2.      That on the same day, Plaintiff Chen received a parking fee from a customer, but issued a receipt that reflected less money than was actually paid by the customer. Plaintiff Chen, failing to account for the deficit, pocketed the difference.

3.      That security cameras located in Defendants' garage office recorded Plaintiff Chen illegally taking Defendants' money, as well as his attempt to conceal his acts.

4.      That after investigation and multiple interviews between Defendants' managers and Plaintiff Chen, Plaintiff Chen was discharged from employment with Defendants on December 11, 2015 for repeated instances of theft and misconduct.

5.      That Plaintiff Chen had also defrauded the Defendants by claiming to have personally compensated a parking garage customer for damage to that customer's vehicle from an incident the previous year, and requested and received reimbursement for same from Defendants for $460 in December 2015. There are no records of such damage claim and Defendants have since discovered that Plaintiff Chen fabricated this incident in order to obtain money from Defendants. Another garage employee whom Plaintiff Chen stated could corroborate his story has since disavowed Chen's statement.

6.      That at no time prior to joining the underlying suit as a Plaintiff did Plaintiff Chen make any complaint or even question his wages and/or hours.

7.      That Plaintiff Chen joined this action as a plaintiff in an ill-advised attempt to exact revenge on his former employer for his termination.

8.      That in good faith, Defendants attempted to provide compensation for potential shortfalls in Plaintiff Chen's pay during his employment (which was subsequently determined to not exist), and that Chen refused, in bad faith, settlement of such claims by returning the check which covered that amount, and then commenced suit for the same claims.

9.    That Defendants possess evidence, including video recordings, of Plaintiff Chen stealing money and falsifying records in an attempt to conceal his acts.

10.    That Defendants assert this claim with full intention of prosecuting same and seeking compensation from Plaintiff Chen for theft and conversion, as well as costs, expenses and attorneys' fees for Plaintiff Chen's fraud in bringing the instant suit against Defendants.

11.    Pursuant to FRCP 13(b) and the holding of the U.S. District Court for the Southern District of New York in Nicholsen v Feeding Tree Style, Inc., 2014 WL 476355 (SDNY 2014), Defendants interpose this counterclaim.

### AS AND FOR DEFENDANTS' EIGHTH COUNTERCLAIM – BREACH OF FIDUCIARY DUTY BY PLAINTIFFS CHANG, LI AND LEE

1.    That Plaintiffs Chang, Li and Lee were, at all relevant times, manager-level supervisors with Defendants, earning salaries well above minimum wage rates and possessing authority to hire new employees as well as advise management as to termination of employees.

2.    That as such, Plaintiffs Chang, Li and Lee were exempt employees as defined under the relevant statutes for purposes of this lawsuit and are therefore not eligible to pursue claims hereunder.

3.    That, in effectively terminating their employment with Defendants with no adequate notice and joining this lawsuit notwithstanding their exempt status, Plaintiffs Chang, Li and Lee have breached their fiduciary duty and duty of care to Defendants which has resulted in monetary damages to Defendants.

4.    That in joining the underlying lawsuit as plaintiffs, bringing false claims against the Defendants and setting forth knowing misstatements of fact to support same, Plaintiffs Chang, Li and Lee have further breached their fiduciary duty and duty of care to defendants by Defaming and slandering Defendants, resulting in monetary damages to Defendants.

5.    Defendants now seek compensatory and punitive damages against Plaintiffs Chang, Li and Lee for their breach of fiduciary duty and duty of care to Defendants.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendants demand a trial by jury on all questions of fact raised by the Counterclaims set forth herein.

## DEFENDANTS' PRAYER FOR RELIEF

Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the Amended Complaint and denies Plaintiffs are entitled to any relief whatsoever. Further, Defendants deny the existence of any purported class or group of persons who Plaintiffs purport to represent.

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

      A.      Plaintiffs' individual claims be dismissed with prejudice in their entirety;

      B.      Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

      C.      Each and every request for relief in the Amended Complaint be denied;

      D.      Judgment be entered against Plaintiffs, and for Defendants, upon their Counterclaims, with each and every request for relief made by Defendants thereunder being granted;

      E.      Defendants be awarded its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

      F.      Defendants be granted such other and further relief as this Court may deem just and proper.

**WHEREFORE**, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiffs against Defendants be dismissed, with prejudice; that they be granted the full remedy and recovery they seek in their counterclaims against the Plaintiffs; and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Dated: Flushing, New York
       February 8, 2016

                    Respectfully submitted,

                    LAW OFFICES OF SIEGEL WANG &
                    ASSOCIATES, LLP
                    Attorneys for Defendants

                    /s/ Jamie Cheung
                    Jamie Cheung, Esq. (JC4791)

136-20 38th Ave. Suite 10J
Flushing, NY 11354
Tel.: 718-395-8288
jamie@cacsnyc.com