UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN YANG, LONG CHEN, YA XU, YI MING MA, LU YANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED<br><br>Plaintiff<br><br>v.<br><br>CLEAN AIR CAR SERVICE & PARKING CORPORATION, CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 3, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 5, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 7, LLC, CLEAN AIR CAR SERVICE AND PARKING BRANCH 6, LLC, KEVIN WANG, John Doe and Jane Doe # 1-10<br><br>Defendants. | Case No.: 15-cv-4385<br><br>**REPLY TO COUNTERCLAIMS** |

Plaintiffs Shang Shing Chang, Jie Li, Xiaoxi Xie, Bin Yang, Long Chen, Ya Xu, Yi Ming Ma, Lu Yang, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by their attorneys, Hang & Associates, PLLC, reply to Defendants' February 8, 2016 counterclaims ("Counterclaims") as follows:

### REPLY TO DEFENDANTS' COUNTERCLAIMS

### AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM – FRAUD

1. Plaintiffs deny the allegations set forth in Paragraph 1 of the First Counterclaim.

2. Plaintiffs deny the allegations set forth in Paragraph 2 of the First Counterclaim.

3. Plaintiffs deny the allegations set forth in Paragraph 3 of the First Counterclaim.

4. Plaintiffs deny the allegations set forth in Paragraph 4 of the First Counterclaim.

5. Plaintiffs deny the allegations set forth in Paragraph 5 of the First Counterclaim.

6. Plaintiffs deny the allegations set forth in Paragraph 6 of the First Counterclaim.

7. Plaintiffs deny the allegations set forth in Paragraph 7 of the First Counterclaim.

8. Plaintiffs deny the allegations set forth in Paragraph 8 of the First Counterclaim.

9. Plaintiffs deny the allegations set forth in Paragraph 9 of the First Counterclaim.

10. Plaintiffs deny the allegations set forth in Paragraph 10 of the First Counterclaim.

11. Plaintiffs deny the allegations set forth in Paragraph 11 of the First Counterclaim.

12. Plaintiffs deny the allegations set forth in Paragraph 12 of the First Counterclaim.

**AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM – UNJUST ENRICHMENT FROM OVERPAID COMPENSATION**

1. Plaintiffs deny the allegations set forth in Paragraph 1 of the Second Counterclaim.

2. Plaintiffs deny the allegations set forth in Paragraph 2 of the Second Counterclaim.

3. Plaintiffs deny the allegations set forth in Paragraph 3 of the Second Counterclaim.

4. Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Second Counterclaim.

5. Plaintiffs deny the allegations set forth in Paragraph 5 of the Second Counterclaim.

6. Plaintiffs deny the allegations set forth in Paragraph 6 of the Second Counterclaim.

7. Plaintiffs state that Paragraph 7 contains a conclusion of law that requires no response, to the extent that it contains any factual allegations, all are denied by Plaintiffs.

8. Plaintiffs state that Paragraph 8 contains a conclusion of law that requires no response, to the extent that it contains any factual allegations, all are denied by Plaintiffs.

**AS AND FOR DEFENDANTS' THIRD COUNTERCLAIM – COSTS AND ATTORNEYS' FEES FOR BAD FAITH, VEXATIOUS LITIGATION.**

1. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

2. Plaintiffs deny the allegations set forth in Paragraph 2 of the Third Counterclaim.

3. Plaintiffs state that Paragraph 3 contains statements that requires no response, the Court is respectfully referred to the document cited for its full legal force and effect.

4. Plaintiffs state that Paragraph 4 contains statements that requires no response, the Court is respectfully referred to the document cited for its full legal force and effect.

5. Plaintiffs state that Paragraph 4 contains statements that requires no response, the Court is respectfully referred to the document cited for its full legal force and effect, except to admit that Plaintiffs amended their Complaint.

6. Plaintiffs deny the allegations set forth in Paragraph 6 of the Third Counterclaim.

7. Plaintiffs deny the allegations set forth in Paragraph 7 of the Third Counterclaim.

8. Plaintiffs deny the allegations set forth in Paragraph 8 of the Third Counterclaim.

9. Plaintiffs deny the allegations set forth in Paragraph 9 of the Third Counterclaim.

10. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Third Counterclaim, except to deny that Plaintiffs made any knowing sworn misrepresentations.

11. Plaintiffs admit that they received some records from Defendants, but deny that Defendants maintained all required records.

12. Plaintiffs deny the allegation set forth in Paragraph 12 of the Third Counterclaim.

13. Plaintiffs state that Paragraph 13 contains a conclusion of law which requires no response, the Court is respectfully referred to the case cited for its full legal force and effect.

**AS AND FOR DEFENDANTS' FOURTH COUNTERCLAIM – ABUSE OF PROCESS AND MALICIOUS PROSECUTION**

1. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

2. Plaintiffs deny the allegations set forth in Paragraph 2 of the Fourth Counterclaim. Further Defendants withdrew their claim for "malicious prosecution" pursuant to the parties' May 9, 2016 stipulation and agreement.

3. Plaintiffs state that Paragraph 3 contains a conclusion of law which requires no response, the Court is respectfully referred to the case cited for its full legal force and effect. Further Defendants withdrew their claim for "malicious prosecution" pursuant to the parties' May 9, 2016 stipulation and agreement.

### AS AND FOR DEFENDANTS' FIFTH COUNTERCLAIM – DEFAMATION

No response is required for Defendants' Fifth Counterclaim for Defamation as Defendants withdrew their Fifth Counterclaim pursuant to the parties' May 9, 2016 stipulation and agreement.

### AS AND FOR DEFENDANTS' SIXTH COUNTERCLAIM – COSTS ABD FEES FOR BREACH OF SETTLEMENT AGREEMENT AND UNJUST ENRICHMENT AGAINST PLAINTIFF MA

No response is required for Defendants' Sixth Counterclaim for Breach of Settlement Agreement and Unjust Enrichment against Plaintiff Ma as Defendants withdrew their Sixth Counterclaim pursuant to the parties' May 9, 2016 stipulation and agreement.

### AS AND FOR DEFENDANTS' SEVENTH COUNTERCLAIM – RECOVERY OF MONIES STOLEN BY PLAINTIFF LONG CHEN

1. Plaintiffs deny the allegations set forth in Paragraph 1 of the Seventh Counterclaim.

2. Plaintiffs deny the allegations set forth in Paragraph 2 of the Seventh Counterclaim.

3. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Seventh Counterclaim, except to deny that Plaintiff Chen illegally took any monies from Defendants.

4. Plaintiffs deny the allegation set forth in Paragraph 4 of the Seventh Counterclaim, except to admit that Plaintiff Chen was discharged on December 11, 2015.

5. Plaintiffs deny the allegations set forth in Paragraph 5 of the Seventh Counterclaim, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that "another garage employee whom Plaintiff Chen stated could corroborate his story has since disavowed Chen's statement."

6. Plaintiffs deny the allegations set forth in Paragraph 6 of the Seventh Counterclaim.

7. Plaintiffs deny the allegations set forth in Paragraph 7 of the Seventh Counterclaim.

8. Plaintiffs deny the allegations set forth in Paragraph 8 of the Seventh Counterclaim.

9. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Seventh Counterclaim.

10. Plaintiffs state that Paragraph 10 contains statements that requires no response.

11. Plaintiffs state that Paragraph 11 contains statements that require no response, the Court is respectfully referred to the statutes and cases cited for their full legal force and effect.

### AS AND FOR DEFENDANTS' EIGHT COUNTERCLAIM – BREACH OF FIDUCIARY DUTY BY PLAINTIFFS CHANG, LI AND LEE

1. Plaintiffs deny the allegations set forth in Paragraph 1 of the Eight Counterclaim.

2. Plaintiffs state that Paragraph 2 of the Eight Counterclaim contains a conclusion of law which requires no response, to the extent that any factual allegations are made, all are denied by Plaintiffs.

3. Plaintiffs deny the allegations set forth in Paragraph 3 of the Eight Counterclaim.

4. Plaintiffs deny the allegations set forth in Paragraph 4 of the Eight Counterclaim.

5. Plaintiffs state that Paragraph 11 contains statements that require no response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as some of all of the allegations fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The counterclaims lack subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The First and Second Counterclaims are barred by the "voluntary payments doctrine."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not breached any duty to Defendants by failing to provide notice of their resignation and/or initiating this lawsuit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Defendants' counterclaims as brought are not ripe.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendants' claim for vexatious litigation is not appropriate as Plaintiffs are represented by counsel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim for punitive or compensatory damages.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

Defendants have failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which they now complain.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants are barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel.

## **RESERVATION OF RIGHTS**

Plaintiffs reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Defendants' Counterclaims.

WHEREFORE, Plaintiffs respectfully request judgment dismissing the Counterclaims with prejudice and awarding them costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper

Dated: Flushing, New York
 May 27, 2016

        HANG & ASSOCIATES, PLLC

        By: /s/ *William Brown*
        William M. Brown
        136-18 39th Avenue Suite 1003
        Flushing, New York 11354
        Phone: 718.353.8588
        Fax: 718.353.6288
        e-mail: wbrown@hanglaw.com
        *Attorneys for Plaintiff*

TO: Marc J. Monte
Clean Air Car Service
& Parking Corp.
130-30 31st AvenueSuite 801
Flushing, New York 11345
marc@cacsnyc.com

Jamie Cheung, Esq.
Law Offices of Siegel
Wang& Associates, LLP
136-20 38th Avenue Suite10J
Flushing, NY 11354
jamie@cacsnyc.com

## CERTIFICATE OF SERVICE

  I hereby certify that on May 31, 2016, I served a true and correct copy of the foregoing via ecf and by U.S. Mail on all counsel of record:

Marc J. Monte
Clean Air Car Service & Parking Corp.
130-30 31st Avenue
Suite 801
Flushing, New York 11345
marc@cacsnyc.com

Jamie Cheung, Esq.
Law Offices of Siegel Wang & Associates, LLP
136-20 38th Avenue Suite 10J
Flushing, NY 11354
jamie@cacsnyc.com


    /s/*William Brown*__
    William M. Brown