UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
SHANG SHING CHANG, JIE LI,
XIAOXI XIE, BIN YANG, LONG CHEN,       **MEMORANDUM AND ORDER**
YA XU, YI MING MA, LU YANG, on         15-CV-4385 (FB) (MDG)
behalf of themselves and all others
similarly situated,

                    Plaintiffs,

     -against-

CLEAN AIR CAR SERVICE &
PARKING CORPORATION, CLEAN
AIR CAR SERVICE & PARKING
BRANCH ONE, LLC, CLEAN AIR CAR
SERVICE & PARKING BRANCH TWO,
LLC, CLEAN AIR CAR SERVICE &
PARKING BRANCH 3, LLC, CLEAN
AIR CAR SERVICE & PARKING
BRANCH 5, LLC, CLEAN AIR CAR
SERVICE & PARKING BRANCH 7,
LLC, CLEAN AIR CAR SERVICE &
PARKING BRANCH 6, LLC, KEVIN
WANG, John Doe, and Jane Doe #1-10,

                    Defendants.

--------------------------------------------------x

*Appearances:*                          *For Defendants/Counter Claimants:*
*For the Plaintiffs/Counter Defendants:* JAMIE CHEUNG
KELI LIU                                Law Offices of Seigel Wang &
WILLIAM M. BROWN                        Associates, LLP
JIAN HANG                               136-20 38th Ave, Suite 10J
Hang & Associates, PLLC                 Flushing, NY 11354
136-18 39th Ave, Suite 1003
Flushing, NY 11354                      STANISLOV SHAROVSKIY
                                        Clean Air Car Service and Parking
                                        Corp.

136-20 38th Ave, Suite 10J
Flushing, NY 11354

MARC J. MONTE
Wingate Kearney & Cullen LLP
45 Main Street, Suite 120
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Shang Shing Chang, Jie Li, Xiaoci Xie, Bin Yang, Long Chen, Ya Xu, and Yi Ming Ma (collectively, "plaintiffs") filed this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Clean Air Car Service & Parking Corporation ("Clean Air Corp."),[1] Kevin Wang, and John and Jane Doe #1-10 (collectively, "defendants") seeking unpaid overtime and spread of hour wages. Plaintiffs move for conditional certification of a collective action[2] and seek authorization to distribute notice to potentially similarly situated employees to provide an opportunity to opt into this action. For the reasons that follow, plaintiffs' motion to conditionally certify the collective action is GRANTED and the notice is to be modified as described below.

**I.**

Defendants own and operate Clean Air Corp., a business located in Flushing,

---

[1] The complaint lists "Clean Air Car Service & Parking Corporation," as well as branches #2, 3, 5, 6, & 7 as defendants in the action.

[2] Plaintiffs reserve the right to later seek class certification pursuant to Fed. R. Civ. P. 23 for the NY Labor Law claims.

Queens, which provides "wheelchair/handicap accessible vehicles for transportation." Compl. ¶ 15. There are eight named plaintiffs who were or are currently employed by Clean Air Corp. in various positions, including driver, driver's trainer, administrative assistant, valet, inspector, and dispatcher.

According to his declaration, which was submitted by plaintiffs in support of this motion, Chang was employed by defendants from October 14, 2013 to October 24, 2014 as a driver and a driver's trainer. Chang worked from fifty-five to fifty-seven and a half hours per week. For the first three weeks of his employment, Chang was paid a pro rata annual salary of $33,000; however, the remainder of his employment was paid a pro rata annual salary $40,000. Chang asserts that he was not paid for his work in excess of 40 hours per week, nor did he receive a wage statement.

Similarly, Xu states that he was employed as a driver, as well as an inspector and a dispatcher for defendants from March 9, 2015 to July 2, 2015. Xu worked 18 hours as an inspector, but otherwise his hours ranged, including fifty-three hours per week as a dispatcher, and fifty-seven and a half hours per week as a driver. His hourly wages ranged from $9.37 for the first two months, was raised to $11 per hour for May and June 2015, but reverted to $9.37 per hour for July, independent of the position he worked. Xu asserts that he was not paid for his work in excess of 40 hours per week, nor did he receive a wage statement.

Additionally, according to his declaration, Chen worked as a valet for defendants from April 2, 2014 until November 27, 2014. Chen's hours ranged from forty-three to forty-seven hours per week, paid at an hourly rate of $9.37. Chen states that he was not paid for all of his hours worked, nor was he paid for work in excess of 40 hours per week.

Lu Yang, Bin Yang, Xie, and Ma all provide additional declarations of a similar tenor: they each worked in excess of forty hours per week, but were not compensated for the additional work and did not receive proper wage statements. Bin Yang, Lu Yang and Xie were drivers at Clean Air Corp., and Ma worked as a valet. Moreover, Chen, Ma, Yang, and Xu allege that they never received break time during the work day and that the defendants required them to create fraudulent time records to reflect a break.

Exclusive of each other, plaintiffs are aware of at least ten other individuals, drivers, administrative assistants, trainers, valets, inspectors, and dispatchers who performed the same or similar work as plaintiffs did for defendants, worked more than forty hours, and were not paid overtime compensation. [3]

## II.

## Plaintiff's Motion to Conditionally Certify a Collective Action

The FLSA allows a plaintiff to sue on behalf of "other employees similarly situated," provided that the other employees give their consent in writing.  29 U.S.C.

---

[3] Plaintiffs name Jun Fu, Zhe Zhao, Wei Zhao, Johnny, Chang Sheng Gao, Michael, Yong Li Qi, Tian De Wang, Hong Zhu, and Shing Ming Li as other workers who are similarly situated.

4

§ 216(b).  In this context, "similarly situated" means that the named plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

Certification of a collective action is a two-step process.  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  If the Court makes such a determination, the potential plaintiffs must be given notice of the action and an opportunity to opt in.  Because the determination is only preliminary and must necessarily be made early in the proceedings, the first step imposes on the named plaintiff the minimal burden of making a "modest factual showing" based on the pleadings and affidavits.  *Id.*

Once the opt-in period is over and discovery is completed, the court—usually at the defendant's instance—applies "a more heightened scrutiny." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007).  If the facts developed during discovery refute the step-one determination, the court will decertify the collective action and only the named plaintiffs' claims will proceed, and opt-in plaintiffs can file a separate action. *See id.*

Plaintiffs move to conditionally certify a collective action at the first, preliminary step.  In addition to the allegations made in the complaint, they submit affidavits from

seven Clean Air Corp. employees.  Each affiant claims he regularly worked in excess of forty hours per week, yet were never paid for hours worked in excess of forty. The affidavits also state that the employees were not furnished with pay stubs that accurately reflected their hours worked.  Moreover, the affidavits reflect similar pay structures for the various positions at Clean Air Corp. and demonstrate an overlap of work duties.

Defendants argue that neither the complaint, nor these affidavits are sufficient to establish that plaintiffs are similarly situated to the putative collective class. Significantly, the requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action, and thus "no showing of numerosity, typicality, commonality, and representatives need be made" as a pre-requisite to approval. *Schaefer v. M & T Bank Corp.*, 122 F.Supp.3d 189, 198 (S.D.N.Y. 2015). All that plaintiffs need show at this stage is that they and the potential opt-ins "were victims of a common policy or plan that violated the law." *Amendola v. Bristol-Meyers Squibb Co.*, 558 F.Supp.2d 459, 467 (S.D.N.Y. 2008).

Plaintiffs have made the necessary showing by alleging that they were paid similar amounts regardless of position, required to sign fraudulent records, and though they rotated positions, they were paid according to the same policies. For example, Chang, Li, Xie, Bin Yang, Lu Yang, and Xu were all drivers for the company, performing the same duties, and received the same $9.37 hourly rate of pay. Chen and Ma were also paid $9.37 per hour for their work as valets, as was Xu when he worked as an inspector and dispatcher. Because there is a significant job overlap and a similar pay structure**,** the

plaintiffs have demonstrated a sufficient "factual nexus" between them and other employees who were also subject to the defendants' alleged failure to pay overtime wages. *Young v. Cooper*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Notably, plaintiffs need not show that the potential class members have identical positions for class certification to be granted; they can be "similarly situated despite distinctions in job title, function, or pay," *Jirak v. Abbot Laboratories*, 566 F.Supp.2d 845, 849 (N.D.Ill. 2008), as they are here. Plaintiffs' motion to conditionally certify the collective action is granted.

Because defendants advanced several objections to the proposed notice to potential plaintiffs, the parties shall appear by September 9, 2016 to address those objections. If, however, the parties are able before that date to confer and jointly create a notice satisfactory to both parties, they can distribute the notice without returning to court.

Plaintiffs request an order directing defendants to produce the names, last known mailing address, alternate address (if any), all known telephone numbers, social security numbers and dates of employment for all potential class members employed by them for the relevant time period. Defendants object to plaintiffs' request to the extent that the disclosure of social security numbers would violate the employees' privacy rights.

In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members. *See, e.g., Sharma v. Burberry Ltd.*, 52 F.Supp.3d 443, 465 (EDNY 2014). With regard to social security numbers, however, courts typically decline

to allow discovery in the first instance. *See id.* Thus, the Court directs defendants to provide plaintiffs with a list of the names, addresses, telephone numbers, email addresses, and dates of employment for all potential class members employed by them for the relevant time period. The list is to be furnished within 10 days of the entry of this Order and is to be treated by the parties as confidential.

## III.

In sum, plaintiffs motion to conditionally certify a collective action is GRANTED, the parties are ordered to confer and submit a joint notice, and defendants are ordered to provide plaintiffs with the described identifying information for potential class members.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 25, 2016