UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
SHANG SHING CHANG, JIE LI, XIAOXI XIE, BIN YANG, LONG CHEN, YA XU, YI MING MA, LU YANG, individually and on behalf of all other employees similarly situated,

    Plaintiffs - Counter-Defendants,

  -against-

KEVIN WANG, CLEAN AIR CAR SERVICE & PARKING CORPORATION, CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 3, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 5, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 6, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 7, LLC, JOHN DOE and JANE DOE 1-10,

    Defendants - Counter-Claimants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-4385 (FB) (ST)

*Appearances:*
For the Plaintiffs:
WILLIAM BROWN, ESQ.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

*For the Defendants:*
MARC J. MONTE, ESQ.
HOWARD COHEN, ESQ.
Monte Wang & Associates, PLLC
130-30 31st Avenue, Suite 801
Flushing, New York 11354

**BLOCK, Senior District Judge:**

On the parties' cross-motions for summary judgment in this wage and hour case, the Court held that there were genuine disputes of material fact as to (1) whether the plaintiffs were property compensated for all hours worked, and (2) whether plaintiffs Shang Shing Chang, Jie Li and Duke Lee were properly classified as exempt employees. *See Chang v. Wang*, 2018 WL 1258801 (E.D.N.Y. Mar. 12, 2018). In addition, the Court declined to decertify the case as a collective action. *See id.* at *3.[1] The defendants now move for reconsideration on three grounds.

First, the defendants argue that the Court overlooked paystubs accurately reflecting the amounts paid to the plaintiffs. To the contrary, the Court was well aware of the defendants' position that their records established, as a matter of law, that all wages due were paid. As explained, however, the plaintiffs attested in affidavits and depositions that their time records were not accurate, either because they were required to record breaks even if they worked during that time or because they were not allowed to record time spent waiting for passengers, driving to pickups or refueling. That testimony is sufficient to create a question of fact as

---

[1] The Court also dismissed the defendant's counterclaim for theft as outside the scope of its supplemental jurisdiction. *See Chang*, 2018 WL 1258801, at *5. The defendants ask the Court to clarify that the dismissal was without prejudice to refiling in state court. That request is granted.

2

to the accuracy of the records. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) ("At least where the employee's falsifications were carried out at the instruction of the employer or the employer's agents, the employer cannot be exonerated by the fact that the employee physically entered the erroneous hours into the timesheets."). The Court did not specifically mention the paystubs because they reflected only that the plaintiffs were paid in accordance with their time records. Since there is sufficient evidence that the time records were not accurate, the accuracy of the paystubs is immaterial.

Second, the defendants argue that the Court overlooked evidence that Chang, Li and Lee are, as a matter of law, exempt employees. Curiously, while the plaintiffs' motion sought summary judgment on that issue, the defendants' did not; instead, their opposition to the plaintiffs' motion oxymoronically asked for a "*sua sponte* grant of summary judgment" in their favor. Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Summ. J. 13. In any event, the Court denied summary judgment to the plaintiffs due to "conflicting versions of the actual work duties of these plaintiffs." *Chang*, 2018 WL 1238801, at *4. The same conflict precludes summary judgment in favor the defendants.

Third, the defendants argue that new evidence supports decertifying the case as a collective action. Specifically, they note that six of the plaintiffs have filed a state-court action alleging that defendants' Chinese employees were paid at rates

less than non-Chinese employees. They argue that the state-court action demonstrates that not all members of the collective action—which includes both Chinese and non-Chinese employees—are similarly situated. That is incorrect. As previously explained, "discovery has yielded enough support for the plaintiffs' claim that their employer had a common policy of requiring them not to log all time worked to survive summary judgment." *Chang*, 2018 WL 1258801, at *3. That some employees were paid at higher rates does not preclude the claim that *all* employees were required to underreport the hours they worked.

For the foregoing reasons, the Court clarifies that its dismissal of the defendants' counterclaim for theft was without prejudice to refiling in state court. Their motion for reconsideration is otherwise denied.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 10, 2018