UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHANG SHING CHANG, XIAOXI XIE
HUAI LU YANG, *as distribute of* ESTATE OF
BIN YANG, YA XU LU YANG, ZHE ZHAO,
and YONG JUN CHAO,
*individually and on behalf of all other
employees similarly situated*

                        Plaintiffs,            **MEMORANDUM AND ORDER**

   -against-                                      15-cv-04385-ST

CLEAN AIR CAR SERVICE & PARKING,
CORPORATION, CLEAN AIR CAR SERVICE &
PARKING BRANCH ONE, LLC, CLEAN AIR CAR
SERVICE & PARKING BRANCH TWO, LLC,
CLEAN AIR CAR SERVICE & PARKING BRANCH 3,
LLC, CLEAN AIR CAR SERVICE & PARKING
BRANCH 5, LLC, CLEAN AIR CAR SERVICE &
PARKING BRANCH 7, LLC, CLEAN AIR SERVICE
& PARKING BRANCH 6, LLC, KEVIN WANG,
John Doe and Jane Doe #1-10

                        Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

     Defendants move this Court to reconsider its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) and Local Rule 6.3.

     Local Rule 6.3, however, requires that a notice of motion be filed within 14-days of the challenged order. This Court entered the Findings of Facts and Conclusions of Law on June 28, 2024. ECF No. 239. Defendants submitted their motion for reconsideration on July 24, 2024 –26 days after entry of the order. ECF No. 240. Thus, Defendants' motion is untimely under Local Rule 6.3. Conversely, FRCP 59(e) governs motions to alter or amend a judgment. However, judgment has not been entered in the case at bar. Thus, the Rule 59(e) motion is premature.

For sake of judicial economy, this Court will entertain Defendants' motion under a Rule 59(e) standard on its merits. Defendants have fallen far short of satisfying the stringent standard required under Rule 59(e). For the reasons discussed herein, Defendants' motion is DENIED.

## BACKGROUND

In a prior opinion, this Court denied Plaintiffs' unpaid overtime claims pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Findings of Fact and Conclusions of Law at 11-37, ECF No. 239. This Court also found Defendants failed to prove counterclaims regarding overpayment of wages. *Id*. at 37-39. *Id*. This Court will not restate the factual history of this case which is detailed in the previous opinion and incorporated fully herein. *Id*. Defendants' move for reconsideration of their counterclaims. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

The standard for evaluating a Rule 59(e) motion is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not be granted where the movant merely seeks to relitigate an issue already decided. *Id. See also Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'"). Rather, a court may grant a motion for reconsideration if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255

(2d Cir. 1992) (internal quotation marks and citation omitted). The decision to grant a Rule 59(e) motion rests in the sound discretion of this Court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

## DISCUSSION

Defendants fail to meet the standard articulated by Rule 59(e). Defendants have not pointed to any "controlling decisions or data that [this] Court overlooked." *Shrader*, 70 F.3d at 257. Defendants' argument here, boiled to its essence, is a mere recitation of their previously asserted argument. It is still unavailing.

### I. Defendants Fail to Present New Evidence or Case Law this Court Overlooked Regarding Plaintiffs' Alleged Overpayment

Defendants urge this Court to reconsider its previous determination they failed to prove overpayment to Duke Lee and Ya Xu. Def. Br. at 36-37, ECF No. 236. In doing so, Defendants restate their previous argument, again asserting they are entitled to recover the overpayment of wages due to management error – indeed, relying on the same conclusory statements and unauthoritative case law. Defs'. Mot. at 7-11. This Court already considered the argument in our prior order. This Court declines to consider the same argument again. *See Sequa Corp*, 1656 F.3d at 144.

Strikingly, Defendants' motion is dominated by this Court's language from its prior order. *See* Defs.' Mot. at 7, 8, 10. *See also* Findings of Fact and Conclusions of Law at 22-23, 37, 38. While Defendants quote large portions of this Court's opinion, they fail to proffer any new arguments in support of their request for reconsideration, let alone bring to light "matters. . . .that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

At bottom, Defendants' motion is an impermissible "second bite at the apple." *Sequa Corp*, 156 F.3d at 144. The bar set out by Rule 59(e) is a high one. Defendants fall well short.

## CONCLUSION

Defendants' motion to for reconsideration is DENIED.

**SO ORDERED.**

/s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 29, 2025