**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SHANG SHING CHANG, XIAOXI XIE
HUAI LU YANG, *as distribute of* ESTATE OF
BIN YANG, YA XU LU YANG, ZHE ZHAO,
and YONG JUN CHAO,
*individually and on behalf of all other employees similarly situated*

Plaintiffs,

**MEMORANDUM AND ORDER**

-against-

**15-cv-04385-ST**

CLEAN AIR CAR SERVICE & PARKING, CORPORATION, CLEAN AIR CAR SERVICE & PARKING BRANCH ONE, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 3, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 5, LLC, CLEAN AIR CAR SERVICE & PARKING BRANCH 7, LLC, CLEAN AIR SERVICE & PARKING BRANCH 6, LLC, KEVIN WANG, John Doe and Jane Doe #1-10

Defendants.
----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Plaintiffs filed this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") arising from Defendants' alleged willful and unlawful employment policies, patterns and/or practices. ECF No. 239 at 3. Defendants brought several counterclaims against Plaintiffs, including a "bad faith litigation" claim which argued that "both plaintiffs and their attorneys/law first [sic] should be liable for Defendants with their costs and attorneys fees" because Plaintiffs "knowingly knew they have no basis to sue defendants, they filed lawsuits and [sic] Defendants anyways" and "lied to the Court or have no reasonable basis to continue the litigation but they litigate this frivolous litigation anyway." ECF No. 236 at 37. After a bench trial, on June 28, 2024, this Court issued its Findings of Fact and

Conclusions of Law, concluding that Plaintiffs and Defendants had failed to prove their claims and counterclaims by a preponderance of the evidence, including Defendants' "bad faith litigation" counterclaim. *Id.* at 40.

On October 14, 2025, Defendants filed motions for attorneys' fees and sanctions under this Court's inherent authority and 28 U.S.C. § 1927. In their words, Defendants argue they are entitled to fees and costs "because Plaintiff Parties filed claims by misrepresentation of material facts to fault the court when there is no factual or legal support for their claims with improper purpose." ECF No. 245-1 at 4-5.

For the reasons discussed below, Defendants' motions are DENIED.

**DISCUSSION**

This Court assumes the parties' familiarity with the full factual history and procedural background of this case.

**I. Motion for Attorneys' Fees**

As an initial matter, Defendants' filing purports to make two separate motions: a motion for attorneys' fees and a motion for sanctions. ECF No. 245-1. Defendants request that "even if this Court were to disagree with, or deny any portion of, the allegations or requests set forth in this Motion for Sanctions then the Defendants, through undersigned counsel, most respectfully request that the full amount of attorney's fees and expenses be awarded upon the filing of a separate motion for fee application." *Id.* at 24-25. But it is unclear on what basis Defendants would have this Court grant their request. Defendants do not cite any separate authority for the awarding of attorneys' fees in this case beyond § 1927 and this Court's inherent power to impose sanctions, both of which are already the basis for Defendants' motion for sanctions. And the only case Defendants cite in support, *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138 (2d Cir. 2012), concerned sanctions imposed

pursuant to 28 U.S.C. § 1927 and the District Court's inherent powers. Accordingly, Defendants' independent motion for attorneys' fees is denied.

## II. Motion for Sanctions

"Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). Similarly, under 28 U.S.C. § 1927, excess costs, expenses, and attorney's fees may be recovered from an attorney or other party authorized to practice before the courts who "multiplies the proceedings in any case unreasonably and vexatiously." *Id.* at 395-96.

"To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Id.* at 396 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999)); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both."); *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-06360, 2025 WL 3441339 at *4 (E.D.N.Y. Aug. 25, 2025) ("The standards for awarding attorneys' fees under section 1927 and the court's inherent authority are largely the same, and so courts evaluate them together.") (citation omitted).

Both elements—lack of colorability and bad faith—"must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009) (citation omitted). The bad faith standard is interpreted restrictively, and bad faith can be inferred only "when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance*, 194 F.3d at 338 (internal quotation marks omitted); *see also Eisemann*, 204 F.3d at 396.

In its Findings of Fact and Conclusions of Law, this Court rejected Defendants' "bad faith litigation" counterclaim and request for attorneys' fees:

> While this Court agrees that Plaintiffs were ultimately unable to prove their claims by a preponderance of the evidence, this Court does not believe the litigation was made in bad faith. Defendants' counterclaim on this basis essentially amounts to nothing more than a conclusory statement that because Plaintiffs lost they therefore must have acted in bad faith. Without more, such an argument is insufficient to establish Defendants' entitlement to attorneys fees and costs.

ECF. No. 239 at 38-39 (citation omitted).

Now, Defendants seek to take yet another[1] "second bite at the apple" by restyling their claim as a motion for sanctions, but they fail to introduce any new facts that would warrant an inference of bad faith on the part of the Plaintiffs. Their memorandum does little more than recite this Court's own conclusions which this Court was already keenly aware of when it determined that Defendants did not act in bad faith. *See generally* ECF No. 245-1. The law of the case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as . . . the availability of new evidence, or the need to correct

[1] *See* ECF No. 244 at 3-4 (Order denying Defendants' motion for reconsideration) ("Defendants' motion is an impermissible second bite at the apple" that "fail[s] to proffer any new arguments in support of their request for reconsideration, let alone bring to light matters . . . . that might reasonably be expected to alter the conclusion reached by the court.") (internal quotations omitted).

a clear error or prevent manifest injustice." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (internal quotations omitted). Accordingly, this Court declines to revisit its prior determination that Plaintiffs did not act in bad faith.

Plaintiffs' claims were also not entirely without color. "[A] claim is entirely without color when it lacks any legal or factual basis." *Schlaifer Nance*, 194 F.3d at 337 (citing *Sierra Club v. United States Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir.1985)). "Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Id*. (citing *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980) (per curiam)). The question is whether a reasonable attorney or plaintiff "could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." *Id.* (citation omitted).

Here, Plaintiffs' claims were supported by sworn testimony, and except for some of the wage notice claims, this Court determined that there was sufficient evidence for Plaintiffs' claims to survive summary judgment and proceed to trial. *See generally* ECF No. 99. Hence, Plaintiffs' claims certainly had at least "some legal and factual support" and were therefore colorable. *Id*.

Accordingly, Defendants' motion for sanctions is denied.

## III. Other Arguments

Defendants posit several other new arguments in their reply brief that were not raised in their initial motions. Arguments raised for the first time in a reply brief need not be considered, and this Court declines to do so here. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."); *see also Sacchi v. Verizon Online LLC*, No. 14-CV-423, 2015 WL 1729796 (S.D.N.Y. Apr. 14, 2015) ("Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a

new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it.") (alteration in original) (citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants' motions for attorneys' fees and sanctions are DENIED.

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 28, 2026